# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-2240

_____

United Steelworkers of America,        *
AFL-CIO-CLC, Local No. 164,         *
                                         *
        Appellee,                  *      Appeal from the United States
                                         *      District Court for the
        v.                       *      Southern District of Iowa.
                                         *
Titan Tire Corporation,            *
                                         *
        Appellant.

_____

Submitted: December 15, 1999
Filed:   March 3, 2000

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and MELLOY,[1]
     District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

Titan Tire Corporation (Titan) appeals the district court's[2] order requiring Titan to submit two grievances filed by the United Steelworkers of America, AFL-CIO-CFL, Local 164 (the union) to binding arbitration. We affirm.

I.

On or about July 16, 1994, Titan purchased a manufacturing facility in Des Moines, Iowa, from the Pirelli Armstrong Tire Company (Pirelli). Titan recognized the union as the exclusive representative of the plant's employees for purposes of collective bargaining. On April 17, 1995, Titan and the union entered into a collective bargaining agreement (the CBA). Article VIII of the CBA provides, in pertinent part:

> A grievance shall be defined as a complaint, dispute or controversy in which it is claimed that [Titan] has failed to comply with an obligation assumed by it under the terms of this Agreement and which involves a dispute as to fact and/or questions concerning the meaning, interpretations, scope or application of this Agreement or work rules.... In the event a dispute arises concerning an alleged violation of the terms of this Agreement which cannot be settled pursuant to the Grievance Procedure, the dispute shall be submitted to an arbitrator . . . .

(Jt. App. at 27-28.)

On or about December 13, 1995, the union timely filed grievance #1157 protesting the manner in which pension benefits are calculated under the employee benefits agreement, a separate agreement incorporated into the CBA. On or about February 13, 1997, the union timely filed grievance #1284 protesting a unilateral change in the copayment percentage of the group medical insurance plan. Titan denied

---

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

both grievances. When Titan refused to submit the two grievances to arbitration, the union filed suit in district court to compel arbitration. The union filed a motion for summary judgment. At the hearing, noticed as a hearing on the resisted motion for summary judgment, the parties agreed to submit the case for a decision on the merits based on stipulated facts. The district court concluded that the two grievances concerned disputes of fact and/or the meaning, interpretation, or application of the CBA and, therefore, were arbitrable. The district court ordered Titan to promptly submit grievances #1157 and #1284 to binding arbitration in accordance with the provisions of the collective bargaining agreement. Titan appeals.

## II.

We review the district court's grant of summary judgment de novo. See Teamsters Local Union No. 688 v. Industrial Wire Prods., Inc., 186 F.3d 878, 880 (8th Cir. 1999). In this case, the material facts are undisputed, and our focus is on whether the union was entitled to judgment as a matter of law.

In deciding whether Titan and the union have agreed to submit the underlying disputes to arbitration, we must first consider whether a valid agreement to arbitrate exists. See Keymer v. Management Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999). If a valid agreement exists, we then consider the scope of the agreement. See Industrial Wire, 186 F.3d at 881. "[W]hen an arbitration clause exists in a contract, there is a presumption of arbitrability unless it is clear that the arbitration clause is not susceptible of an interpretation that covers the dispute." Id. at 881.

In this case, the parties do not dispute the existence of a valid agreement to arbitrate. Rather, the parties disagree as to whether grievances #1157 and #1284 fall within the scope of that agreement.

Titan argues the district court erred in requiring it to submit grievance #1157 to arbitration because Pirelli was in charge of the administration of the pension plan between July 1994 and September 1996. Grievance #1157, filed in December 1995, pertained to matters that arose during the time in which Pirelli was in charge of calculating the plan's pension benefits. Titan claims that this grievance was not covered by the collective bargaining agreement because the grievance arose during Pirelli's administration of the pension plan.

The issue here, however, is not who administered the pension plan but whether the pension plan falls within the scope of the CBA between Titan and the union. Clearly it does. The dispute arose after Titan and the union entered into their CBA. The CBA addresses the pension plan in some detail in Article XXIV. In particular, the CBA provides that the existing Pirelli pension plan was to be frozen, not terminated, and that current employees would be vested and could retire under the pension plan's terms and conditions. It further directs the parties to the separate employee benefits agreement for the details of the pension plan. In addition, the CBA contains a broad arbitration clause. The presumption of arbitrability prevails when an arbitration clause contains no clear, exclusionary language. See Industrial Wire, 186 F.3d at 882. This dispute about the administration of the pension plan is subject to arbitration. Titan may raise its asserted defense that it was not responsible for the alleged miscalculation of pension benefits with the arbitrator.

Titan next contends the district court erred in requiring it to submit grievance #1284 to arbitration because the CBA does not prevent Titan from unilaterally changing the deductible[3] of the group health insurance plan. Titan argues that the provision in the CBA relating to insurance coverage does not contain any requirements of identity

_____

[3]In its brief, Titan incorrectly refers to grievance #1284 as pertaining to a change in the deductible rather than a change in the copayment percentage of the group health insurance plan.

of the insurance provider or the amount of the deductible. Therefore, Titan claims that there is no dispute to be arbitrated.

Grievance #1284 concerns a dispute over the meaning, interpretation, or application of the provision in the CBA pertaining to health insurance coverage. It is the arbitrator's duty to fill in the gaps of a collective bargaining agreement. See United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 580-81 (1960) ("The processing of disputes through the grievance machinery is actually a vehicle by which meaning and content are given to the collective bargaining agreement."). This is exactly the type of dispute that is arbitrable under the broad language of the arbitration clause of the CBA.

### III.

Accordingly, we affirm the judgment of the district court and direct the parties to proceed to arbitration posthaste.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

5