

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-12-00783-CV

**THE CITY OF SAN ANTONIO**,
Appellant

v.

**INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS**, Local 624,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-16015
The Honorable Laura Salinas, Judge Presiding

No. 04-13-00109-CV

### IN RE THE CITY OF SAN ANTONIO

Original Mandamus Proceeding[1]

Opinion by:    Catherine Stone, Chief Justice
Dissenting Opinion by:  Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  October 2, 2013

 Because I believe the Union's pleadings sufficiently raise a statutory claim under Chapter

174 allowing for judicial review, I respectfully dissent.

---

[1] The proceeding in Cause No. 04-13-00109-CV arises out of Cause No. 2012-CI-16015, styled *Int'l Ass'n of Fire Fighters, Local 624 v. City of San Antonio,* pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Martha Tanner presiding.  However, the orders complained of were signed by the Honorable Laura Salinas, presiding judge of the 166th Judicial District Court, Bexar County, Texas.

Article 25 of the CBA provides that "Healthcare benefits for active Fire Fighters shall not be terminated, altered, modified or reduced, during the term of the Agreement, except by Amendment or Successors to this Agreement."  The Master Contract Document, an attachment to the CBA, provides that coverage for Fire Fighters' dependents may not be terminated unless the covered employee is terminated from employment or the dependent ceases to be eligible as defined by the Plan.  Despite these provisions, the City unilaterally sent a postcard to fire department employees informing them that they were required to participate in "active enrollment" in order to participate in the City's 2013 health care plan.  The City demanded additional documentation by Fire Fighters for their already-covered dependents and threatened cancellation of dependent health care coverage for refusal or failure to comply.  Thus, the Union filed a petition for declaratory relief seeking a declaration that the City violated sections 174.023 and 175.015 of the Local Government Code.  *See* TEX. LOC. GOV'T CODE ANN. § 174.023 (West 2008) (providing that fire fighters are entitled to "organize and bargain collectively with their public employer regarding compensation, hours, and other conditions of employment"); *id*. § 174.105(b)(2) (West 2008) (providing that the duty to bargain collectively in good faith requires the public employer and union to "**confer in good faith regarding** compensation, hours, and other conditions of employment or **the negotiation of an agreement** or a question arising under an agreement") (emphasis added).  In essence, the Union asked for a declaration that the City violated the Union's statutory right to negotiate the terms of the health plan by failing to confer with the Union in good faith before unilaterally implementing the above-mentioned procedures.

The petition does not seek the enforcement of rights or obligations contained within the CBA; rather, it alleges that the City's actions in unilaterally changing the terms of the CBA are a direct violation of Chapter 174.  I respectfully disagree with the majority that the Union's claims

are based solely on case law. Further, I do not agree that any declaration that the City violated state law by failing to negotiate the terms of the health plan necessarily involves an interpretation of the CBA. Our review need not even weigh in on whether the City's *actions* (requiring active enrollment for continued health care coverage and threatening termination on grounds not within the CBA's specified provisions for termination) *evidence* the City's *alleged violation of its duty to "confer in good faith regarding* compensation, hours, and other conditions of employment or *the negotiation of an agreement . . .*" To the contrary, the only issue that must be determined at this juncture is whether the City conferred with the Union in good faith regarding the changes to the 2013 health plan. I believe the trial court could make this determination without interpreting the provisions of the CBA relating to health care benefits.

Article 30 of the CBA does not make arbitration the exclusive means for resolving disputes between the City and the Union, or between employer and employee. The parties provided for a "*just, equitable, and expeditious method for resolving disputes between the City and the Union (or employees) . . . concerning the bargaining relationship between the City and the Union.*" The City does not mention in its Original Answer or, more importantly, the motion to abate, that it agreed to exempt certain state and federal claims from the "grievance/arbitration procedure," and particularly stipulated to a trial court's authority to decide "claims of violation of statutory or constitutional rights." The parties recognized that such claims "may be included with related claims of contract violations." Notably, the City agreed to waive any right to abatement of a suit involving contract claims related to the asserted statutory claim, and that "all issues raised by the dispute or claim will be resolved in such lawsuit[.]" Unfortunately, the majority finds more notable the "repeated" references to the CBA as a fact to "bolster" the conclusion that it requires

"interpretation" by an arbitrator as the exclusive method to resolve the Union's dispute with the City. I believe more weight should be given to the language of the Union's petition.

The CBA recognizes other scenarios that may be subject to judicial review, and the parties further stipulate that an arbitrator "shall have no authority to add to, subtract from, or modify the terms of this Agreement as negotiated between the parties." Yet at oral argument, the City failed to provide an example of a claim "of violation of statutory or constitutional rights" which "may be pursued by means of judicial and/or administrative appeal."

Unlike the *Steelworkers* opinion relied on by the majority, this case does not concern a complaint that an employer unilaterally changed a heretofore unspecified detail contained within the CBA, i.e., the deductible required under the group health insurance plan. *See United Steelworkers of Am., AFL-CIO-CLC, Local No. 164 v. Titan Tire Corp.*, 204 F.3d 858, 861 (8th Cir. 2000). Here, the Union's complaint will not be solved by having an arbitrator simply "fill in the gaps" and give "meaning and content" to the CBA. *See id*. Rather, the complaint lodged by the Union is that the City violated its obligation to negotiate all terms of the CBA in good faith as required by Chapter 174. The issue of whether the City performed its statutory duty of conferring in good faith with the Union before making changes to the health plan can, and should be, determined in a judicial forum. Accordingly, I would affirm the judgment of the trial court denying the City's motion to abate for arbitration.

Rebeca C. Martinez, Justice